Filed 10/13/15  P. v. Lemons CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065773 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF30376) |
| TERREL LEMONS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, L. Brooks Anderholt, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Terrel Lemons, a prisoner at Centinela State Prison, was convicted of felony battery on a correctional officer. (Pen. Code, § 4501.5.)[1] Lemons contends the trial court erred by admitting evidence of the injuries the officer sustained when he and other officers subdued Lemons, notwithstanding the trial court's pretrial ruling excluding such evidence. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Lemons was incarcerated at Centinela State Prison, where Officer Alejandro Camarillo was employed as a correctional officer. On August 23, 2012, Camarillo conducted a pat-down search of Lemons, who initially complied with the officer's instructions. Camarillo felt a small object in Lemons's left pants pocket that he believed was contraband. Camarillo grabbed the object over Lemons's pants and directed him to put his hands behind his back to be cuffed.

As Camarillo was reaching for his handcuffs, Lemons spun around and struck the officer in the face several times with both fists. Camarillo wrestled Lemons to the ground. Lemons fell on top of Camarillo and continued to fight. Other officers came to Camarillo's assistance.

Camarillo was injured on the left side of his face. His forehead, eyebrow, eye, and nose were swollen, and he was bleeding from his nose and from scratches on his forehead (facial injuries). During the scuffle, Camarillo hurt his left shoulder, lower back and left

---

1    Unless otherwise indicated, further statutory references are to the Penal Code.

2

knee (nonfacial injuries). As a result, he received medical treatment, including surgery and physical therapy for a serious knee injury.

Camarillo testified before the grand jury that Lemons hit him in the face and around the eye and nose area, causing swelling, and his back and shoulder were hurt when Lemons pulled on his shoulder. The grand jury indicted Lemons on one count of felony battery of a nonconfined person by a prisoner in violation of section 4501.5.

The defense filed a pretrial motion in limine to exclude evidence regarding the extent of Camarillo's injuries and subsequent medical treatment, and his leave from employment. (Evid. Code, §§ 210, 352.) The People opposed the motion, arguing the injuries Camarillo sustained while restraining Lemons resulted from battery.

The trial court ruled that Camarillo's medical treatment, the extent of his injuries, and leave from work were not relevant to proving the elements of the offense of battery. However, if the officer testified Lemons kicked him in the knee or struck him in the shoulder during the scuffle, that would be relevant to proving battery. The trial court said it could not say beforehand what the officer would testify to, but "[a]t this point I don't think the injuries to anything other than the face where he says he was struck would be relevant . . . and [m]ay inflame the passion of the jury and be prejudicial to the defendant."

The trial court explained that Camarillo's nonfacial injuries were "a result of the scuffle and taking [Lemons] into custody and restraining him at that time, but unless they're related to a battery, then I think his testimony is 'we scuffled. . . .' " Unless the People discovered that Camarillo knew for certain that Lemons had struck him in the

3

shoulder or knee, it would make "things cleaner" to admit only the officer's facial injuries in evidence.  The trial court reiterated that Camarillo's leave from work and the extent of his medical treatment were not relevant, but evidence of limited medical treatment was admissible.  The trial court said it would need to clarify whether Camarillo had sought outside medical treatment for his facial injuries.

At trial, Camarillo and other correctional officers testified about the sequence of events as detailed in the opening paragraphs above.  Camarillo said the left side of his forehead, eye, eyebrow area, and nose were swollen.  He was bleeding from his nose and forehead.  The trial court sustained an objection to a question about how long the swelling to Camarillo's face persisted.  The prosecution then asked Camarillo whether he had received any injuries other than to his face.  Defense counsel objected.  The trial court overruled the objection.  Camarillo testified he suffered injuries to his left shoulder, lower back, and left knee.  The prosecution asked Camarillo whether he received medical treatment for his nonfacial injuries.  The court overruled the defense's objection.  Camarillo said he received treatment for those injuries and underwent surgery and physical therapy for his knee injury.  The trial court sustained defense objections to questions about the current condition of the officer's knee and whether the officer returned to work after the incident.

Lemons claimed he acted in self-defense.  He testified Camarillo grabbed his testicles twice during the pat down, hurting him the second time.  Lemons reacted by spinning around to face Camarillo.  Lemons testified, "I can't be positive I didn't hit him. I can't say I did."  Camarillo grabbed Lemons's shirt and another officer pushed Lemons

4

from behind. As a result, he and Camarillo both lost their balance and he ended up face down on top of Camarillo. Camarillo was able to place Lemons in a choke hold, and hit him in the head four, five, or six times. Another officer told Camarillo to stop. Four inmates testified on Lemons's behalf, corroborating his version of the incident.

Lemons did not have any injuries to his head, face, arms, hands, or legs, and no redness or swelling around his neck. He did not complain of any pain. The small object in Lemons's pants pocket was a crumpled piece of toilet paper.

The jury returned a verdict of guilty. Lemons admitted he had two strike priors. On April 2, 2014, the trial court sentenced Lemons to the middle term of three years, doubled to six years for the strike priors, to run consecutive with Lemons's current term.

## DISCUSSION

Lemons contends[2] the trial court erred when it allowed evidence of Camarillo's injuries to his knee, back, and shoulder instead of limiting evidence of the officer's injuries to those caused by the alleged battery. He argues the trial court's evidentiary rulings were in direct conflict with its pretrial ruling excluding evidence of Camarillo's nonfacial injuries. Lemons maintains that the admission of the far more serious injuries Camarillo sustained during the scuffle damaged his credibility, and therefore the error was prejudicial.

"The principles governing the admission of evidence are well settled. Only relevant evidence is admissible (Evid. Code, §§ 210, 350), 'and all relevant evidence is

---

[2] We remind counsel that briefs must conform to California Rules of Court, rule 8.204.

admissible unless excluded under the federal or California Constitution or by statute. (Evid. Code, § 351; see also Cal. Const., art. I, § 28, subd. (d).)' " (*People v. Harris* (2005) 37 Cal.4th 310, 337 (*Harris*).) Relevant evidence is evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.)

The trial court has broad discretion in determining relevant evidence. (*Harris*, *supra*, 37 Cal.4th at p. 337.) Here, relevant evidence includes any evidence that would tend by reason to prove or disprove that Lemons willfully touched Camarillo in a harmful or offensive manner and that Lemons did not act in self-defense.[3] (§ 4501.5.) We review a trial court's ruling on the admissibility of evidence for abuse of discretion. (*Harris*, at p. 337.)

Lemons does not show that the trial court abused its discretion by admitting evidence of Camarillo's nonfacial injuries. First, we are not persuaded that the trial court's evidentiary rulings were in direct conflict with it pretrial ruling on the motion in limine. Contrary to Lemons's assertion, the trial court did not clearly exclude evidence of the officer's nonfacial injuries. The record shows the trial court said it did not know what the officer's testimony would be, and it was possible that the injuries to the officer's shoulder and knee may have resulted from a battery committed in the course of a scuffle. In granting the motion in limine, the trial court qualified its ruling, noting that "*[a]t this*

---

[3]     The prosecution also had the burden to prove that Lemons was serving a sentence in a California State prison at the time of the alleged offense and that Camarillo was not serving a sentence in state prison at the time of the alleged offense. (§ 4501.5.) These elements of the offense are not at issue in this appeal.

6

*point*" it did not believe the evidence of nonfacial injuries was relevant. (Italics added.) This qualification, read in connection with the trial court's other comments, indicates that the trial court left the door open to admitting the officer's nonfacial injuries in evidence.

Second, the trial court could reasonably conclude that evidence of Camarillo's nonfacial injuries was relevant to whether Lemons touched Camarillo in a harmful or offensive manner, or whether Lemons was acting in self-defense. At that point in the trial, the jury had heard evidence from two witnesses, Camarillo and Raul Castro, another officer. Each testified Lemons hit Camarillo repeatedly in the face with his fist. Castro said Camarillo's body and head moved back with the force of each blow from Lemons. Camarillo testified he hit Lemons in self-defense and then he and Lemons started wrestling. Camarillo wrestled Lemons to the ground. Camarillo felt Lemons's weight on him. While on the ground, Lemons was still pushing Camarillo, trying to fight his way out. Over the defense's objection, Camarillo said his shoulder, lower back, and knee had been injured.

The evidence presented at trial to that point allowed the trial court to reasonably conclude that the evidence of the officer's nonfacial injuries was relevant to whether a battery was being committed or whether Lemons was acting in self-defense. The prosecutor did not ask Camarillo whether Lemons had inflicted those injuries. However had the prosecutor chosen to proceed along those lines, it would have been a fair inquiry, particularly in view of Camarillo's grand jury testimony that his back and shoulder injuries occurred when Lemons pulled on his shoulder.

7

Finally, the trial court could reasonably conclude the fact that Camarillo's back, shoulder, and knee had been injured during a scuffle was not likely to create substantial danger of undue prejudice, confusion, or of misleading the jury. (Evid. Code, § 352.) The jury was not told that Lemons was responsible for causing Camarillo's nonfacial injuries. The record clearly shows that Lemons hit Camarillo repeatedly in the face. Camarillo described the injuries to his face in detail. Those injuries included bleeding and extensive swelling to his left forehead, eye, eyebrow area, and nose. Photographs of Camarillo's facial injuries were admitted in evidence. In view of the ample evidence showing that Lemons repeatedly hit Camarillo in the face and then continued to struggle with him, the trial court did not err when it admitted the minimal evidence about Camarillo's nonfacial injuries. (*Benson v. Honda Motor Co*. (1994) 26 Cal.App.4th 1337, 1348 [trial court is in the best position to decide whether probative value of evidence is outweighed by confusion, misleading nature, or prejudice].)

DISPOSITION

The judgment is affirmed.


HALLER, J.

WE CONCUR:


NARES, Acting P. J.


IRION, J.

8